Claire Woods, State Bar No. 282348
Katherine Poole, State Bar No. 195010
Natural Resources Defense Council, Inc.
111 Sutter Street, 21st Floor
San Francisco, CA 94104
Telephone: (415) 875-6100
Fax: (415) 795-4799
Email: cwoods@nrdc.org, kpoole@nrdc.org

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BAY.ORG d/b/a THE BAY INSTITUTE; NATURAL RESOURCES DEFENSE COUNCIL, INC.; DEFENDERS OF WILDLIFE,<br><br>        Plaintiffs,<br><br>    v.<br><br>RYAN ZINKE, in his official capacity as Secretary of The Interior; GREG SHEEHAN, in his official capacity As Acting Director, U.S. Fish and Wildlife Service; and U.S. FISH AND WILDLIFE SERVICE,<br><br>        Defendants. | **PLAINTIFFS' REPLY TO DEFENDANTS' BRIEF REGARDING TRANSFER TO THE EASTERN DISTRICT OF CALIFORNIA**<br><br>Civ. No. 3:17-cv-03739-YGR |
| GOLDEN GATE SALMON ASSOCIATION; NATURAL RESOURCES DEFENSE COUNCIL, INC.; DEFENDERS OF WILDLIFE; BAY.ORG d/b/a THE BAY INSTITUTE,<br><br>        Plaintiffs,<br><br>    v.<br><br>WILBUR ROSS, in his official capacity as Secretary of Commerce; CHRIS OLIVER, in his official capacity as Assistant Administrator for Fisheries at the National Oceanic and Atmospheric Administration; and NATIONAL MARINE FISHERIES SERVICE,<br><br>        Defendants. | Civ. No. 3:17-cv-03742-YGR |

**INTRODUCTION**

This Court identified the potential efficiencies that could be gained through venue transfer if there were "significant factual and legal overlap" between these cases (WaterFix Cases) and *Natural Resources Defense Council v. Zinke*, No. 05-CV-1207 (E.D. Cal.) (CVP Contracts Case). However, the issues to be adjudicated in the WaterFix Cases and those that remain in the CVP Contracts Case share very little in common. In their response, Defendants place inordinate emphasis on whether venue would also be proper in the Eastern District, but they fail to establish sufficient factual overlap to merit transferring venue and relating the cases. Defendants also fail to address the substantial differences between the cases, including that they stem from entirely different government actions and involve different parties. In light of the presumption in favor of Plaintiffs' choice of forum, the Northern District's considerable connection to the activities and species at issue in this litigation, and the distinct transactions and facts at issue in these cases, Defendants have failed to show that transfer is warranted.

**ARGUMENT**

Because the parties agree that venue is proper in both districts, Defendants' Brief Regarding Transfer (Def. Br.) at 5, the only remaining consideration is whether Defendants have carried their burden to show that the public and private factors outweigh the presumption in favor of Plaintiffs' choice of forum. *See, e.g.*, *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir. 1979) (proponent bears the burden of establishing that transfer is proper). As Defendants acknowledge, in environmental cases brought pursuant to the Administrative Procedure Act, the Plaintiffs' choice of forum is one of the "most important factors for the court to consider." Def. Br. at 5 (citations omitted). Defendants have failed to show that strong interest should be set aside.

**I.      Defendants fail to show that transfer would increase judicial economy**

Defendants argue that transfer to the Eastern District would promote judicial economy because of the pendency of the CVP Contracts Case in that District. But transfer will only achieve efficiency-related benefits if the two cases share substantial overlap. *See, e.g.*, *Univ. of California v. Eli Lilly & Co*., No. C-90-0373-DLJ, 1991 WL 332056, at *6–11 (N.D. Cal. Nov.

PLAINTIFFS' REPLY TO DEFENDANTS' BRIEF REGARDING TRANSFER

4, 1991) (denying motions to transfer and relate where the court found insufficient overlap). Here, the cases do not share sufficient overlap to justify transfer.

While the WaterFix Cases and the CVP Contracts Case address the impact of water diversions on protected species, the specific issues each court will be asked to adjudicate are distinct. Fundamentally, the WaterFix Cases concern the effect of brand new proposed infrastructure on listed species; specifically, the construction and operation of massive new tunnels and diversion facilities (WaterFix) that would be part of the State Water Project (SWP) operated by California's Department of Water Resources. *See* Plaintiffs' Brief Regarding Transfer (Pl. Br.) at 2–3. The CVP Contracts Case does not address this new infrastructure at all, and is focused exclusively on the existing Central Valley Project (CVP) facilities, operated by the U.S. Bureau of Reclamation. *See id.* at 3–4.

These subject matter differences yield unique issues for adjudication. For example, the adverse effects of drilling-related vibration, construction runoff, and other construction activities will be contested in the WaterFix Cases, but have no relevance to the CVP Contracts Case. Complaint ¶ 27, *Golden Gate Salmon Assn. v. Ross*, No. 3:17-cv-03742-YGR (N.D. Cal.) (NMFS Compl.), ECF No. 1. Likewise, the harmful effects of WaterFix's operation on listed species, including changes in water volume, temperature, and quality due to operations, will be key issues in the WaterFix Cases, but have no bearing on the CVP Contracts Case. Complaint ¶¶ 23–27, *Bay Institute v. Zinke*, No. 3:17-cv-03739-YGR (N.D. Cal.) (FWS Compl.), ECF No. 1. Additionally, the WaterFix Cases primarily focus on the impacts of WaterFix construction and operations in the Delta on threatened and endangered species, including threatened and endangered salmon migrating through the Delta and into San Francisco Bay. NMFS Complaint ¶¶ 27–30. In contrast, the CVP Contracts Case largely concerns impacts to salmon far upstream of the Bay-Delta, at the Shasta Dam, north of Redding. Fifth Suppl. Compl. ¶¶ 22–23, CVP Contracts Case, ECF No. 1071. National Marine Fisheries Service is not even a defendant in the CVP Contracts Case. Given these differences, and many others,[1] that both cases involve "similar

---

[1] Defendants claim that WaterFix will "modify . . . coordinated CVP operations," in an attempt to make the CVP Contracts Case seem related. Def. Br. at 3. As noted in Plaintiffs'

habitats" and "implicate government decisions" is not sufficient to overcome the presumption in favor of Plaintiffs' choice of forum. Def. Br. at 7.

In fact, the cases Defendants cite in support of transfer contain factual similarities that are far more compelling than the cases at issue here. For example, in *Callaway Golf Co. v. Corporate Trade*, the court ordered transfer to a forum with a pending action, filed within the same week, and involving the same parties and the same disputed contract. No. 09-cv-384-L, 2010 WL 743829 (S.D. Cal. Mar. 1, 2010). *See also Avalon Glass & Mirror Co. v. Elec. Mirror, LLC*, No. 2:16-cv-06444-CAS, 2016 WL 7217579 (C.D. Cal. Dec. 12, 2016) (transferring where defendant's defense depended on the outcome of a pending action involving the exact same parties in the transferee forum); *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208 (S.D. Cal. 2013) (transferring to a forum with five other nearly identical class actions); *A.J. Indus. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 503 F.2d 384 (9th Cir. 1974) (transferring to a forum with a pending action involving the same parties and the same disputed merger, and where the claim could have been brought as a counterclaim); *Holland v. A.T. Massey Coal*, 360 F. Supp. 2d 72, 75 (D.D.C. 2004) (transferring where both actions involved the same government decision). Unlike in the cases cited by Defendants, factual overlap does not weigh in favor of transfer.

## II.   Defendants minimize the significance of the Northern District's interest in the WaterFix and its effects on the Bay-Delta

Defendants assert that transfer is warranted because the Eastern District has "stronger ties" to the WaterFix controversy, but Defendants' claim ignores crucial facts. Def. Br. at 8. Defendants fail to acknowledge the effects of WaterFix will extend far beyond construction. If the project becomes operational, changes in water quality, composition, temperature, and volume will be felt throughout the entire Bay-Delta, including San Francisco Bay, significantly and adversely affecting listed species in the Northern District. FWS Compl. ¶ 23; NMFS Compl. ¶ 27. And while Defendants cite the percentage of the Delta Smelt's critical habitat within the

---

opening brief, and as acknowledged by Defendants, WaterFix is expected to be part of the SWP, not the CVP. *See* Pl. Br. at 5–6; Def. Br. at 3. WaterFix construction is not expected to be complete until after 2030; thus, WaterFix has no effect on the existing operations of the CVP or SWP. Pl. Br. at 5–6; Declaration of McLain, Def. Br., ECF No. 20-1, ¶ 8.

PLAINTIFFS' REPLY TO DEFENDANTS' BRIEF REGARDING TRANSFER

3

Eastern District, their biological opinion shows that significant numbers of Delta Smelt occupy habitat in the Northern District, including critical habitat in Contra Costa County and areas outside of designated critical habitat. Declaration of Douglas Obegi, ¶ 2. Likewise, Defendants wholly omit discussion of WaterFix's effects on the salmonid habitat in the San Francisco Bay, within the Northern District. NMFS Compl. ¶ 22; 58 Fed. Reg. 33212 (June 16, 1993) (final rule designating critical habitat for winter run Chinook salmon, which extends to the Golden Gate Bridge). Thus, because the entire Bay-Delta watershed will be affected by WaterFix, the Northern District and Eastern District share an interest in the controversy.

Defendants argue that Plaintiffs' choice of forum is entitled to less deference where "the operative facts have *not occurred* within the forum and the forum has *no interest* in the parties or the subject matter." Def. Br. at 10 (emphasis added) (citations omitted). However, Defendants do not dispute that the Northern District shares an interest in the controversy and that venue would be appropriate in either district. Def. Br. at 5. While ignoring a broad swath of local impacts, Defendants agree that both districts will be affected by construction. *Id.* at 4 (describing construction within Contra Costa County). In fact, Defendants have not cited a single case ordering transfer where local interests were shared across two jurisdictions, as they are here. For example, in *Center for Biological Diversity v. Kempthorne*, the court found transfer appropriate because "none of the operative facts occurred within [the original] district." No. 07-cv-0894-EDL, 2007 WL 2023515, at *6 (N.D. Cal. July 12, 2007). *See also Sierra Club v. U.S. Dep't of State*, No. 09-cv-04086-SI, 2009 WL 3112102, at *3 (N.D. Cal. Sept. 23, 2009) ("this district has little interest in the parties or subject matter, other than the single plaintiff"). This is not a case where the original venue has "virtually no connection" or relation to the controversy. *Hawksbill Sea Turtle v. FEMA*, 939 F. Supp. 1, 3 (D.D.C. 1996) (ordering transfer from a district where species was not affected and actions did not occur). The cases Defendants cite are not instructive.

## III.     Defendants fail to adequately address the private factors

This Court should defer to Plaintiffs' choice of forum because litigating in the Eastern District would entail substantial inconvenience. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981). Plaintiffs' offices are located within the Northern District and they do not have a

PLAINTIFFS' REPLY TO DEFENDANTS' BRIEF REGARDING TRANSFER

4

presence in the Eastern District. While two Plaintiff organizations have members in the Eastern District, Defendants have not cited support for their contention that a plaintiff's status as a membership organization undercuts the deference afforded to its choice of venue. Defendants' claim that inconvenience of counsel is irrelevant to the transfer analysis is not controlling, Def. Br. at 10, given that "counsel's location affects the relative costs of litigating in each District." *Flint v. UGS Corporation*, No. 07-cv-04640-MJJ, 2007 WL 4365481, at *4 (N.D. Cal. Dec. 12, 2007) (considering inconvenience to counsel in denying motion to transfer). Considerable time commitment would be required to travel to Fresno, for both Plaintiffs and their counsel. The costs associated with such travel would be substantial, particularly given that each Plaintiff is a non-profit organization. FWS Compl. ¶¶ 7–9; NMFS Compl. ¶¶ 7–10.

Defendants also fail to address the delay that is likely to occur if this Court transfers the WaterFix Cases to the Eastern District. Given the congestion in the Eastern District, and the fact that the parties have already propounded discovery in the CVP Contracts Case, transfer will undoubtedly prolong the ultimate resolution of the WaterFix Cases. *See* Pl. Br. at 7, 10.

Defendants' focus on the WaterFix Cases' ties to Sacramento is misplaced because any transfer would be to the Fresno Division, where the CVP Contracts Case is pending. Defendants have not identified any substantial effects of WaterFix in Fresno, nor have they asserted that Fresno residents hold a special interest in the project. That decisions regarding WaterFix have been made in Sacramento does not require transfer to Fresno, particularly given that the merits of this case will be decided on the administrative record and, as such, there are no witnesses to consider. *See Kempthorne,* 2007 WL 2023515, at * 5. Likewise, the location of the administrative record does not weigh in favor of transfer because "documentary evidence is as easily provided in one venue as another, especially in this age of electronic transmission." *Id.* Moreover, Defendants have not alleged that litigating in the Fresno Division would be any more convenient than the Northern District.

## CONCLUISON

For the reasons discussed herein, this Court should decline to transfer the WaterFix Cases to the Eastern District.

PLAINTIFFS' REPLY TO DEFENDANTS' BRIEF REGARDING TRANSFER

Respectfully submitted,

Dated: August 18, 2017

*s/ Claire Woods*

Claire Woods
Katherine Poole
Natural Resources Defense Council, Inc.
111 Sutter Street, 21st Floor
San Francisco, California 94104
Telephone: (415) 875-6100
Fax: (415) 795-4799
Email: cwoods@nrdc.org, kpoole@nrdc.org

PLAINTIFFS' REPLY TO DEFENDANTS' BRIEF REGARDING TRANSFER

6